**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4174**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

WILLIAM JOHN CLARK,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, District Judge.  (2:20-cr-00013-TSK-MJA-1)

Submitted:  January 20, 2022                Decided:  January 24, 2022

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Tracy Weese, Shepherdstown, West Virginia, for Appellant.  Brandon Scott Flower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William John Clark pled guilty, pursuant to a written plea agreement, to making a destructive device, in violation of 26 U.S.C. §§ 5861, 5871. The district court sentenced Clark to 57 months' imprisonment. On appeal, Clark's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the magistrate judge complied with the requirements of Fed. R. Crim. P. 11 in accepting Clark's plea, whether the district court conducted Clark's sentencing in accordance with Fed. R. Crim. P. 32, and whether Clark's sentence is reasonable. Clark has not filed a pro se supplemental brief, although he received notice of his right to file one and was granted an extension of time to do so. The Government moves to dismiss the appeal as barred by the appellate waiver included in Clark's plea agreement. Through counsel, Clark has filed a response to the motion to dismiss asking us to conduct an *Anders* review. We dismiss in part and affirm in part.

Clark's waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We therefore deny, in part, the Government's motion to dismiss and review Clark's challenge to the adequacy of the plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the applicable maximum and

2

mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, although the magistrate judge failed to inform Clark of the court's authority to order restitution, *see* Fed. R. Crim. P. 11(b)(1)(K), the record provides no basis to conclude that this minor omission affected Clark's substantial rights. We therefore conclude that Clark entered his plea knowingly and voluntarily, and that a factual basis supported the plea. *See DeFusco*, 949 F.2d at 116, 119-20.

We further conclude that Clark knowingly and intelligently waived his right to appeal. *See McCoy*, 895 F.3d at 362 (explaining that appeal waiver is generally both valid and enforceable if the court questions defendant regarding the waiver of his right to appeal during Rule 11 colloquy and the record shows that defendant "understood the full significance of the waiver" (internal quotation marks omitted)). Because Clark's challenges to the imposition of his sentence fall within the scope of his valid waiver, we grant, in part, the Government's motion to dismiss.

In accordance with *Anders*, we have reviewed the record in its entirety and have found no meritorious issues for appeal outside the scope of Clark's appeal waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment. At this juncture, we deny counsel's motion to withdraw. This court requires that counsel inform Clark, in writing, of the right to petition the Supreme Court of the United States for

3

further review.  If Clark requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Clark.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*